Lycoming Burial Vault Co., Inc., Appellant *v.*
The Zoning Hearing Board of the Borough
of Montoursville, Appellee.

Argued February 9, 1979, before Judges ROGERS, BLATT and DISALLE, sitting as an panel of three.

*William S. Kieser,* with him *Kieser & Gahr,* for appellant.

*Michael H. Collins,* with him *McNerney, Page, Vanderlin & Hall,* for appellee, Montoursville Zoning Hearing Board.

*Elliot Newman,* with him *McCormick, Lynn, Reeder, Nichols & Sarno,* for appellee, Irvin C. Siegel.

OPINION BY JUDGE ROGERS, March 16, 1979:

Lycoming Burial Vault Co., Inc. (Lycoming), the appellant in this zoning case, has its place of business in an R-2 Zoning District under the Montoursville Borough Zoning Ordinace. The R-2 zoning district is a residential district and Lycoming has operated its business as a valid nonconforming use. On October 9, 1975 Lycoming applied for a zoning and building permit for the use of a vacant lot adjacent to its main building for the open storage of concrete septic tanks. Borough Council approved the application and issued the permit on January 5, 1976, as a conditional use, basing its decision upon a provision of the zoning ordinance authorizing Borough Council to "allow as a conditional use . . . the expansion of a nonconform-

ing use." Pursuant to the permit, Lycoming developed the adjacent lot by the installation of a concrete apron and a seven foot high chain link fence.

One Irvin Siegel, a neighbor, saw the work in progress on Lycoming's lot on May 15, 1976 and on May 24, 1976 visited the borough's offices, where he learned that Lycoming was developing its lot pursuant to the zoning and building permit granted on January 5, 1976. Siegel informed other neighbors and retained counsel to represent his and their interest in the matter.

On June 7, 1976 Siegel, counsel and a group of Lycoming's neighbors appeared at a Borough Council meeting and protested Lycoming's project. The minutes of the meeting show that the lawyer employed by Siegel acted as spokesman, that a lengthy discussion of Lycoming's permit was had, and that Borough Council agreed to restudy the matter and to advise the neighbors' lawyer before any further action was taken. The Borough's solicitor who was present told the neighbors that they should look to their own lawyer not to him, the Borough solicitor, as to what they should do. Siegel and the neighbors did nothing.

On July 12, 1976 Borough Council conducted another meeting at which the neighbors appeared. The Borough solicitor called upon by Borough Council stated that he had advised Council that its action granting the zoning and building permit was a proper one, and some member or members of Council remarked that Council would follow its solicitor's advice.

On July 15, 1976 the lawyer filed an appeal from Council's action granting Lycoming's permit of January 5, 1976 to the Zoning Hearing Board. The appeal was thus filed 52 days after May 24, 1976, the date on which the neighbors definitely knew that the permit had been granted.

Section 915 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10915 provides, in pertinent part, the following:

> No person shall be allowed to file any proceeding with the board later than thirty days after any application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given. If such person has succeeded to his interest after such approval, he shall be bound by the knowledge of his predecessor in interest.

Lycoming asserts here, as it did without success before the Zoning Hearing Board and the Court of Common Pleas of Lycoming County, that the appeal filed was late. The Zoning Hearing Board and the Court below believed that what happened at the Borough Council meetings on June 7, 1976 and July 12, 1976 provided the protestants with an excuse in law for the late filing, citing as an authority *Calabrese v. Zoning Board of Adjustment*, 5 Pa. Commonwealth Ct. 444, 291 A.2d 326 (1972). We disagree. The facts of *Calabrese v. Zoning Board of Adjustment, supra,* are much different from those here. There protesting neighbors, who did not file their appeal within 30 days of the alleged issuance of a permit, were told by the municipal Building Inspector that no valid building permit had been issued and the Building Inspector had returned the filing fee to the permittee with a request that the original permit be returned. There was never any question that the permit had been issued and no representation that Borough Council

would recall or revoke the permit, much less, as in *Calabrese,* that it had already done so. Furthermore, as we have mentioned, the Borough solicitor took pains to tell the neighbors in their lawyer's presence that their actions should be governed by their lawyer's advice.

The filing of a timely appeal as provided by Section 915 is jurisdictional. *Township of Upper Moreland v. Gaunt,* 16 Pa. Commonwealth Ct. 334, 328 A. 2d 556 (1974); *Herdelin v. Greenberg,* 16 Pa. Commonwealth Ct. 405, 328 A.2d 552 (1974).

Order reversed; the appeal dated July 15, 1976 of "neighbors in the area" to the Zoning Hearing Board of Montoursville is quashed.

Judge DiSalle dissents.

### ORDER

And Now, this 16th day of March, 1979, the order of the Court of Common Pleas of Lycoming County dated November 8, 1977 is reversed; and the appeal dated July 15, 1976 of "neighbors in the area" to the Zoning Hearing Board is quashed.