Andrew Nowak and Lorraine Nowak, Appellants *v.* Zoning Hearing Board of Bridgeville Borough, Appellee.

Argued May 5, 1982, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Charles E. Boyle, Campbell, Sherrard & Burke,* for appellants.

*Robert L. Campbell,* with him *Nicholas P. Brenlove, Brenlove & Campbell,* for appellee.

OPINION BY JUDGE ROGERS, June 3, 1982:

Andrew Nowak and Lorraine Nowak, his wife, have appealed from an order of the Court of Common Pleas of Allegheny County upholding the grant by the Zoning Hearing Board of Bridgeville Borough of a variance to their neighbor, Dawson C. Wright, permitting him to construct a garage, one wall of which would be located about eighteen inches from their rear property line. The parties' lots front on different public streets and the Nowak's rear property line is also one of Wright's side yard lines. Both properties are located in the R-2 residential zoning

district of Bridgeville Borough in which side yards are required to have a minimum unobstructed width of eight feet.

It seems that Wright commenced the erection of a garage at the same location he now proposes in the year 1962 and was prevented from completing it by the protests of the then owners of the property now owned by the Nowaks. The present controversy began when Wright, having applied for and obtained a building permit from the zoning officer of the Bridgeville Borough on July 28, 1980, commenced the construction of the garage again within eighteen inches of the Nowaks' rear property line. The Nowaks, as had their predecessors in 1962, complained and the borough zoning officer revoked Wright's permit suggesting that he should seek a variance from the Zoning Hearing Board. As noted, the variance was granted by the Board and upheld by the Allegheny County Court of Common Pleas.

Section 908 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(7), provides that zoning hearing boards shall keep stenographic records and provide transcripts of their hearings. The Bridgeville Borough Zoning Hearing Board made no stenographic record of its hearing in this case and, of course, there is no transcript. All that we have from the Zoning Hearing Board is their decision and it is apparent from this document that no witnesses testified under oath as Section 908 of the Code also provides. We are required, therefore, to vacate the order below and remand the matter so that the Zoning Hearing Board may conduct the hearing in the manner required by the Code. *Swift v. East Hempfield Township Zoning Hearing Board,* 20 Pa. Commonwealth Ct. 87, 340 A.2d 592 (1975); *Schelley v. Zoning Board*

*of Adjustment,* 8 Pa. Commonwealth Ct. 169, 302 A.2d 526 (1973).

An evidentiary hearing conducted as the Code requires is essential in this case because there appears to have been no showing, or the possibility of showing, by Wright of the unnecessary hardship necessary to support a variance. Not only is Wright's lot not uniquely burdened by the side yard requirement, but the plans submitted with his applications indicate that at the place where he wants to build the garage his back yard is at least forty feet wide, which after allowance for side yards aggregating sixteen feet, would seem to accommodate a garage twenty-four feet wide. According to his application for a building permit, Wright proposes to build a two-car garage thirty feet wide. The court below recognized that Wright had little case for a variance but declined to reverse the Zoning Hearing Board's order because the circumstances were such that Wright might have had a vested right in the building permit.[1] If he does, of course, he had no need of a variance. But this is a subject which requires an intensive exploration of the facts surrounding his application for the building permit at an evidentiary hearing. A recent exposition of the elements required to establish a vested right in a building permit appears in *Petrosky v. Zoning Hearing Board of Upper Chichester,* 485 Pa. 501, 402 A.2d 1385 (1979).

Order vacated; record remanded for a hearing by the Zoning Hearing Board of Bridgeville Borough and further proceedings not inconsistent with this opinion.

---

[1] Wright's application to the Zoning Hearing Board made following the revocation of his 1980 building permit while plainly applying for a variance also raises the propriety of the revocation of the permit based on money spent in reliance upon it.

ORDER

AND Now, this 3rd day of June, 1982, the order of the Court of Common Pleas of Allegheny County dated August 5, 1981 is vacated; the record is remanded for a hearing by the Zoning Hearing Board of Bridgeville Borough and further proceedings not inconsistent with this opinion.