**John MILOS**

v.

**NORTHPORT VILLAGE CORPORATION, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 8, 1982.

Decided Jan. 4, 1983.

Blake, Hazard & Carver, John L. Carver (orally), Belfast, for plaintiff.

Eaton, Glass, Marsano & Woodward, Lee Woodward, Jr. (orally), Belfast, Peter K. Mason, Searsport, for defendants.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

ROBERTS, Justice.

John Milos objects to a variance granted by the Northport Zoning Board of Appeals on March 4, 1979, to a commercial establishment known as South Shore Boats located near property of Milos. The Board included two stipulations in the grant of the variance, "(1) boat storage be to the rear of existing buildings and (2) that business be conducted so as to not become a public nuisance," and reserved the right to review the variance one year later. Milos complains that the Board failed to conduct such a review. Nevertheless, Milos did not seek judicial review until after the Board decided in July of 1981 that it was "without authority to affirm, modify, amend or recind [sic] the action taken by it on March 4, 1979." The Board also found that "South Shore Boats had been operated in substantial compliance with the stipulations enumerated in [the variance]." The Superior Court, Waldo County, dismissed Milos' attempted appeal from the Board's 1979 action and the Board's 1980 failure to act, and affirmed the Board's 1981 decision. We affirm the judgment of the Superior Court.

■ Upon judicial review of agency action, M.R.Civ.P. 80B(e) imposes upon the plaintiff the responsibility for securing the record of the proceedings being reviewed. In this case that record consists of (1) the 1978 Zoning Ordinance of the Northport Village Corporation, (2) the Minutes of a March 4, 1979 meeting of the Zoning Board of Appeals, (3) the Minutes of a June 21, 1981 hearing of the Zoning Board of Appeals, and (4) a letter dated July 8, 1981, notifying Milos of the Board Decision. Although Milos raises numerous issues on appeal, we limit our discussion to the issues presented by the record before us.

■ The minutes of June, 1981, reveal that one purpose of the meeting was to hear a request from Milos to review the variance. The minutes further indicate that Milos, through his attorney, claimed that the Board incorrectly granted the variance, that the Board acted without proper authority, that the Board incorrectly based its action on the 1954 ordinance instead of the 1978 ordinance, and that the Board improperly granted a variance to an applicant other than the property owner. Milos also personally complained of "odor, noise, trucks, trash, etc."

We conclude that the Board correctly decided that it had no authority to review its 1979 action. The relevant statutory grant of authority provides that "[a] board of appeals is established . . . for the purpose of hearing appeals *from actions or failure to act* of the office charged with the enforcement of the zoning ordinance." 30 M.R.S.A. § 4963(1) (Supp.1982–1983) (emphasis added). Article 6 § 6.1 of the Zoning Ordinance of the Northport Village Corporation imposes the duty of enforcement upon a Code Enforcement Officer. No suggestion appears in the record that Milos' request for review of the variance was based upon any action or inaction on the part of the Code Enforcement Officer.

■ Furthermore, the Superior Court correctly concluded that Milos could not obtain direct judicial review of the Board's 1979 action or its 1980 inaction under the guise of this action. Both the statutory and Rule 80B time limits for seeking direct review of either governmental action or failure to act had expired long before the present suit was commenced in Superior Court. 30 M.R.S.A. § 2411(3)(F) (1978); M.R.Civ.P. 80B(b). Sound policies of judicial restraint and separation of powers restrain us from permitting evasion of the time constraints placed on the judicial power to review governmental action.

■ Assuming, without deciding, that the stipulations attached to the grant of the variance were enforceable, and further assuming that Milos' complaint to the Board could be construed as an appeal from a failure to act on the part of the Code Enforcement Officer, we still find no basis for relief in this record. The Board apparently heard conflicting views as to the operation of South Shore Boats. We have no basis upon which we could conclude that the Board's finding of "substantial compliance" was not supported by substantial evidence on the record as a whole. *See Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982); *Bruk v. Town of Georgetown,* 436 A.2d 894, 897–98 (Me.1981).

■ Milos also claims that the minutes of the Board demonstrate a violation of Maine's Freedom of Access statute. 1 M.R.S.A. §§ 401–410 (1979 & Supp.1982–1983). If this claim has been properly preserved for review on appeal (the record is far from clear), we conclude that it is without merit. Milos argues that the Board's 1981 decision occurred at a secret meeting on July 5. He relies on the June 21 minutes which reflect that notice of the July 5 meeting of the Board was given "following the public hearing." We reject Milos' argument for two reasons. First, the record does not establish that a meeting held on June 21, 1981, "following the public hearing," was a closed meeting. Second, even if notice of the July 5 meeting was given to Board members at a closed meeting, that fact does not establish the absence of public notice nor the absence of public proceedings on July 5.

Consequently, we find no error in the Superior Court's refusal to review the Board's 1979 action and the Board's 1980 failure to act. We likewise find no error in the Board's 1981 decision.

The entry is:

Judgment affirmed.