Dawson C. Wright, Sr., Appellant *v.* Zoning Hearing Board of Bridgeville and Andrew Nowak and Lorraine Nowak, Appellees.

Argued November 15, 1984 before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Gilbert S. Merritt, Jr., Merritt and Purcell,* for appellant.

*Robert L. Campbell, Brenlove & Campbell,* for appellee, Zoning Hearing Board of Bridgeville.

*Charles E. Boyle,* with him, *Rosemary L. Corsetti, Campbell, Sherrard & Burke, P.C.,* for appellees, Andrew Nowak and Lorraine Nowak.

OPINION BY JUDGE ROGERS, December 28, 1984:

This is the appeal of a landowner from an order of the Court of Common Pleas of Allegheny County affirming an order of the Zoning Hearing Board of the Borough of Bridgeville (zoning hearing board) denying a variance.

The landowner's residential property is located in Bridgeville Borough, which by Bridgeville Ordinance No. 614 requires a sideyard depth of 8 feet from adjacent property lines. Originally the property conformed to the sideyard depth requirements, but sometime prior to 1962, the landowner conveyed a 7' by 27' strip of the property to his neighbors, the predecessors in title to the Nowaks, the intervenors-appellees in the present case. As a result of this conveyance, the landowner's property had a sideyard depth of only 18 inches. In 1962, the landowner received a building permit to construct a two-car garage extending from the sideline of his dwelling. When the Nowaks' predecessors in title objected to the proposed construction, the borough revoked the permit and halted construction of the garage.

In 1980, the landowner again applied for a building permit for construction of the garage. He submitted a plot plan dated 1953, showing all property

lines as they existed prior to his conveyance of the 7' by 27' parcel to his neighbors. A building permit was issued; however, due to the protests of the intervenors and other neighbors, the zoning officer reevaluated the application and revoked the permit on the ground that it had been erroneously issued.

In September, 1980, the landowner requested an allowance of a variance, which the zoning hearing board granted at a hearing of which no record of the testimony was made. The intervenors-appellees in the present proceeding appealed the grant of the variance to the court of common pleas which found that the landowner had acquired a vested right under the revoked permit. We remanded the record to the zoning hearing board for an evidentiary hearing of which a stenographic record with transcripts should be made.[1]

In October, 1982, the zoning hearing board held an evidentiary hearing; in January, 1983, it issued a written opinion declaring that the landowner had failed to justify the need for a variance and denied the applications. The common pleas court, which did not take additional evidence, affirmed the board's denial of a variance.

The landowner contends, and we agree, that the zoning hearing board violated the Open Meeting Law and that its adjudication therefore is invalid. Section 1 of the Open Meeting Law (Law), Act of July 19, 1974, P.L. 486, *as amended,* 65 P.S. §261, provides in part: " 'Formal action' means the taking of any vote on any resolution, rule, order, motion, regulation or ordinance or the setting of any official policy." Section 2 of the Law, 65 P.S. §262, mandates: "No formal action shall be valid unless such formal action is taken during a public meeting." *See Emmanuel Baptist*

---

[1] *Nowak v. Zoning Hearing Board of Bridgeville Borough.* 67 Pa. Commonwealth Ct. 46, 445 A.2d 1350 (1982).

*Church Appeal,* 26 Pa. Commonwealth Ct. 427, 364 A. 2d 536 (1976). In October, 1982, at an open meeting, the board held an evidentiary hearing on the land-owner's case. On January 27, 1983, it sent its decision refusing the variance to the parties. It did not, however, take that formal action (vote) at a public meeting. At argument counsel for the board conceded to this procedural defect.[2] We are compelled to hold that the formal action of the board was invalid; to vacate it, and again to remand the record, with leave to the zoning hearing board to take its vote as the Open Meeting Law requires.

Also, the transcript of the October 20, 1982 evidentiary hearing conducted by the zoning hearing board is not in the record certified to us and at argument all counsel said they did not know where the transcript is or where one may be found. The trial court judge in his opinion states "a certified record of the proceedings before the Board" had been filed. If that record included notes of testimony, and we assume it did, it has not reached us.[3] Of course, we can-

---

[2] Additionally, we note that the failure of the zoning hearing board to render a decision consistent with the Open Meeting Law does not effect a deemed approval of the applied for variance under Section 908(9) of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908. Although Section 908(9) of the Code requires the board to render a decision within forty-five days after the local hearing is conducted by the board, or else the application is deemed approved, we have stated that the time limitations contained in Section 908(9) do not apply following a court's remand of a case for an additional hearing. *Jones v. Township of North Huntingdon Zoning Hearing Board,* 78 Pa. Commonwealth Ct. 505, 467 A.2d 1206 (1983).

[3] Although the appellee argues that it was incumbent upon the appellant to produce the record on appeal, we note this assertion is contrary to law. Section 1008(2) of the Pennsylvania Municipalities Planning Code, Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11008(2), directs a local authority to provide a certified record on appeal.

not review the board's order without the record of its hearing.

We vacate the order and remand the matter with direction to the zoning hearing board to take formal action in the manner provided by law and to certify as a part of the record the transcript of its October, 1982 hearing, or, in the alternative, to conduct a new hearing and promulgate a new order.

## ORDER

AND Now, this 28th day of December, 1984, the order of the Court of Common Pleas of Allegheny County is vacated; the record is remanded for further proceedings consistent with this opinion. Jurisdiction is retained.