# Ruebel v. Plumstead Twp. Zoning Board of Adjustment

*Brian J. McCullough,* for appellants.
*David W. Heckler,* for intervenors.
*Robert J. Hastings,* for appellee.

RUFE, III, *J.*, September 5, 1985—This matter is before the court on appellants' petition for writ of certiorari following the denial of their zoning appeal by the Plumstead Township Zoning Board of Adjustment. The Plumstead Zoning Board (board) denied the appeal on purely jurisdictional grounds, determining from evidence presented at a September

15, 1983 hearing, that the application for hearing was not filed in timely fashion. A conference was held on April 2, 1984 to determine the admissibility of appellants' offer of proof under Bucks County Rule *27C(2). Following the submission of briefs by appellants and intervenors, the Ventrescas, this court denied the request for an additional hearing and refused the offer of proof on June 3, 1985. We are now asked to rule on the appeal on its merits.

The following background information is necessary to understand the basis of the appeal. On June 3, 1981, Anthony and Lena Ventresca, intervenors herein, filed a request for hearing with the Plumstead Zoning Board in order to obtain a use variance under §523 of the township ordinance for their property identified as Tax Parcel 34-11-132-2. The board conducted public hearings on the requested variance on July 9 and August 6, 1981. Per written decision dated September 1, 1981, the requested use variance was denied. The Ventrescas then filed a notice of appeal with the Court of Common Pleas of Bucks County (no. 81-08477-06-5) on September 29, 1981. By agreement of the township supervisors and the Ventrescas, further proceedings on the appeal were indefinitely delayed pending settlement discussions. During the course of the next year, the Ventrescas and their attorney appeared at several meetings conducted by the supervisors. Finally, on September 21, 1982, a stipulation was entered into by the Supervisors of Plumstead Township and the Ventrescas for settlement of the zoning appeal. The Honorable Edmund V. Ludwig entered an order on November 4, 1982, pursuant to the stipulation, terminating the zoning appeal and granting a use variance which was considerably more restrictive than that originally requested.

On October 18, 1982, the Ventrescas were issued a building permit for the construction of a gym club building (the order permitted a 10,000 square foot building for such use). The evidence presented at the board hearing and in the board's findings of fact indicates that first construction activity on the subject property began in late October, 1982. By late December, 1982, the first construction equipment arrived on the property, and in January, 1983, a 100 foot construction crane was placed on the property. By the end of March, 1983, the building was substantially completed.

Appellant, Catherine Ruebel, telephoned Mrs. Ventresca as early as January, 1983, concerning the construction activity which she had observed on the Ventrescas' property. In the same month, Mrs. Ruebel also contacted Mrs. Rebecca Robinson, co-director of the Central Bucks School of Gymnastics and projected tenant of the Ventrescas' building. This conversation also concerned the building activity on the Ventrescas' site. Additionally, before the end of March, 1983, Mrs. Ruebel phoned Arthur Kallatch, the Plumstead Township Zoning Officer, who advised her that the Central Bucks Gymnastics Club building was being constructed on the Ventrescas' property. The Ventrescas' property is directly across Route 611 from the Ruebels' property and is visible therefrom. The Ruebels, appellants, filed the instant application with the zoning board on June 13, 1983.

Appellants request that the court find that they were not afforded notice of the Ventrescas' zoning application and subsequent appeal, nor were they afforded notice of the stipulation signed by Judge Ludwig. They argue that the lack of notice requires that we reverse the action of the Plumstead Zoning Board, or permit the appeal nunc pro tunc. Since we

agree with the board's finding that the Ruebels had constructive notice of the contested structure in January of 1983, and yet did not seek an appeal with the board until June 13, 1983, the board's finding of lack of jurisdiction was well-founded. The issue of actual notice then is not determinative of this appeal.

The standard by which we are to review the actions of the Plumstead Zoning Board was succinctly stated in Hebeisen v. Philadelphia Zoning Board of Adjustment, 2 Pa. Commw. 331, 337, 277 A.2d 832, 834 (1971):

". . . when a trial court does not take evidence, its only function is to review the action of the board on the record made before the board to determine whether the board commmitted a manifest abuse of discretion or an error of law." Pyzdrowski v. Board of Adjustment of City of Pittsburgh, 437 Pa. 481, 263 A.2d 426 (1970); Filanowski v. Zoning Board of Adjustment, 439 Pa. 360, 266 A.2d 670 (1970). Recently the abuse of discretion standard has been defined not merely to require a finding of an error in judgment, but to conclude that discretion is abused, "if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice or ill will, as shown by the evidence or the record." Isaacson v. Flanagan, 74 Pa. Commw. 564, 570-571, 460 A.2d 884, 887 (1983). Unless the court concludes that such error of law or abuse exists, the decision of the board cannot be overturned. Hebeisen, supra.

Plumstead Zoning Board rendered its decision on this appeal solely on the question of timeliness of the appeal and the determination of the board's jurisdiction. In so doing, the board relied on Pennsyl-

vania's Municipalities Planning Code, 53 P.S. §915 and 1007, specifically that:

"No person shall be allowed to file any proceeding with the board later than 30 days after an application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body . . . unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given." The timeliness of an appeal is always an important procedural requirement, but even more so in cases of zoning procedures at local levels. Herdelin v. Greenberg, 16 Pa. Commw. 405, 328 A.2d 552 (1974), concludes that policy considerations mandate strict adherence to zoning procedures, especially in bringing matters to prompt resolution at municipal levels.

Although §915 provides that the strict 30-day appeal period is extended where appellant alleges and proves he was not provided with notice, the appeal to the zoning board must be taken in "reasonable" time from appellant's constructive notice of the property's development. See Schneider v. Calabrese, 5 Pa. Commw. 444, 291 A.2d 326 (1972); In Re: Appeal of Gilbert, 34 Pa. Commw. 299, 383 A.2d 556 (1978).

The reasonableness requirement, as applied to the instant appeal, would have required the board to conclude that filing an appeal five months after constructive notice was received was a filing within reasonable time. This the board declined to do, citing Calabrese, supra, and Lycoming Burial Vault Co., Inc. v. Zoning Hearing Board of the Borough of Montoursville, 41 Pa. Commw. 294, 399 A.2d 144 (1979). We find no error either in the board's application, or determination of the relevant case law.

Further, we find that the board heard ample testimony to serve as a basis for its findings of fact. The actions of the board do not constitute an abuse of discretion, or an error of law. Accordingly, we enter the following

## ORDER

And now, this September 5, 1985, upon consideration of appellants' petition for certiorari, it is hereby ordered and decreed that said petition is denied and the instant appeal is dismissed.