504 A.2d 982

Irving S. Karpe, Appellant *v.* Borough of Stroudsburg, Appellee.

Submitted on briefs September 10, 1985, to Judges ROGERS and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Edwin Krawitz*, for appellant.

*Phillip H. Williams*, for appellee.

OPINION BY JUDGE BLATT, February 14, 1986:

Irving S. Karpe (petitioner) appeals here from a judgment which the Court of Common Pleas of Monroe County entered against him in an action he had brought against the Borough of Stroudsburg (Borough).

The petitioner applied for zoning and building permits for the construction of a parking lot within the Borough, which were then issued to him by the Borough's Acting Zoning Officer. The Borough there-

after appealed the permits issuance to the Zoning Hearing Board, which revoked them on the basis that the Acting Zoning Officer had exceeded his authority in issuing them.

The petitioner did not appeal that decision, but later filed an action seeking the recovery of the money he had expended in activities preparatory to construction which were purportedly undertaken in reliance upon the permits.

We preliminarily observe that Section 1001 of the Pennsylvania Municipalities Planning Code (MPC),[1] provides that the appeal procedures set forth in Article X of the MPC are intended to constitute the exclusive mode for securing review of any ordinance, decision or order made or issued pursuant to the MPC by any municipal governing body or agency, such as the Zoning Board's decision here. The petitioner, therefore, could have appealed the Zoning Hearing Board's decision to the court of common pleas pursuant to Section 1006 of the MPC, 53 P.S. §11006. Moreover, Section 1504 of the Statutory Construction Act, 1 Pa. C. S. §1504, requires that, where there is a clear statutory remedy which is adequate, it is exclusive. *Department of Environmental Resources v. Williams*, 57 Pa. Commonwealth Ct. 8, 425 A.2d 871 (1981).

Having failed to pursue the appeals remedy available to him, therefore, the petitioner may not successfully maintain a separate action for damages against the Borough. *See also Jonnet v. Bodick,* 431 Pa. 59, 244 A.2d 751 (1968). (Action for damages by property owner who expended money in reliance upon assurances he would obtain permit was inappropriate where owner could have appealed denial of permit.)

The petitioner also asserts that he had a vested right to the permits initially issued. It is true that,

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101.

under very limited circumstances, a landowner may claim a vested right to a permit issued erroneously and in contravention of zoning regulations. *Petrosky v. Zoning Hearing Board of the Township of Upper Chichester*, 485 Pa. 501, 402 A.2d 1385 (1979). A landowner, however, may not seek to assert rights to a revoked permit from which revocation no appeal was taken. *Bogush v. Zoning Hearing Board, Borough of Coplay*, 63 Pa. Commonwealth Ct. 280, 437 A.2d 1086 (1981).[2]

In finding for the Borough, the trial court held that the petitioner had failed to prove any causal relationship between the Borough's alleged breach of a purported contract or its purportedly tortious conduct and the petitioner's alleged pecuniary loss.

We likewise believe that the petitioner was not entitled to relief, but for a different reason, namely that, because the petitioner failed to pursue the appeals remedy which was available to him by statute, he may not later attempt to recoup his losses under the guise of pursuing a different remedy in a separate action. We will, however, affirm the trial court's order inasmuch as it reached the correct result, albeit for the wrong reason, noting that we have here set forth the correct explanation for the result obtained. *B.D.B., Inc. v. Pennsylvania Liquor Control Board*, 67 Pa. Commonwealth Ct. 72, 445 A.2d 1360 (1982).

## ORDER

AND Now, this 14th day of February, 1986, the order of the Court of Common Pleas of Monroe Coun-

[2] The only other remedy possibly available to a landowner is a mandamus action, which is available only where the right to the permit is clear and its issuance little more than the performance of a ministerial act. *Lindy Homes Inc. v. Sabatini*, 499 Pa. 478, 453 A.2d 1178 (1982). This matter does not, however, involve such a claim.

ty in the above-captioned matter, dated June 5, 1980, is affirmed.

Judge ROGERS concurs in result only.