527 A.2d 174

Township of West Pikeland, Appellant *v.* George F. Thornton, Jr. and Patricia A. Thornton, his wife, Appellees.

Submitted on briefs April 8, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Sondra K. Slade,* with her, *Patricia T. Brennan, Pitt, Agulnick, Supplee & Slade,* for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, June 12, 1987:

The Township of West Pikeland appeals from an order of the Court of Common Pleas of Chester County which rejected the township's post-trial motion, after the court refused to enjoin George F. Thornton, Jr. and Patricia A. Thornton from using their three-bay garage for any business-related purpose. We reverse.

The landowners, seeking to construct a three-bay garage on their property in a Conservation-Residence (C-R) district, had approached a township zoning hearing board officer for a permit. The zoning officer refused to issue the permit because the permit application stated that the garage would be used "for storage of equipment and trucks," and a commercial usage is prohibited in a C-R district. After then consulting the chairman of the zoning hearing board, the landowners wrote on the sketch plan, attached as part of the permit application, that "this building is intended for personal use of storage of equipment and not commercial usage." Below the landowners' handwritten notation on the sketch plan, the chairman wrote that "this plan is okay per our zoning plan. S/W. Miller. No hearing required. 2/24/80." On April 4, 1980, the board issued to the landowners a permit for the construction of the garage.

Thereafter, the landowners began construction of the garage. On October 27, 1980, the landowners were cited for storing construction and masonry equipment on their residentially zoned property, in violation of the township zoning ordinance. The landowners were found guilty of and fined for that violation.

On April 3, 1984, the landowners applied to the board for a permit to use their garage "for occasional, short-term indoor storage and minor repairs of equipment and facilities of our masonry contracting business, all to be enclosed in a building currently situated on the property." The board denied the landowners' permit application.

On March 30, 1984, the township filed, with the trial court, an action for an injunction to enjoin the landowners from storing commercial equipment and materials on their property. The trial court's refusal of the injunction, which led to this appeal, was based upon *Petrosky v. Zoning Hearing Board of the Township of*

*Upper Chichester,* 485 Pa. 501, 402 A.2d 1385 (1979). In *Petrosky,* our Supreme Court enumerated the following five factors which must be considered in determining whether a landowner has acquired a vested right in a permit issued by a local government,

1. his due diligence in attempting to comply with the law;

2. his good faith throughout the proceedings;

3. the expenditure of substantial unrecoverable funds;

4. the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit; and

5. the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit.

*Petrosky,* 485 Pa. at 507, 402 A.2d at 1388.

The township contends that the trial court erred in finding in the landowners' favor on each of the five prongs of the *Petrosky* test.

In regard to the first factor, due diligence in attempting to comply with the law, the landowners sought the advice of the chairman of the board, but a landowner cannot acquire a vested right by relying on the statements of such an appointee when he is acting merely as a ministerial officer rather than in his adjudicative capacity, and if the landowner makes expenditures for construction in reliance on those statements, he does so at his own peril. *Ferguson Township v. The Zoning Hearing Board of Ferguson Township,* 82 Pa. Commonwealth Ct. 296, 475 A.2d 910 (1984).

Next, concerning the landowners' good faith throughout the proceedings, the trial court found that the permit application contained language sufficient to advise the township that the landowners intended to

use the garage for storage of commercial equipment. However, the landowners' sketch plan, attached as part of the permit application, additionally declared that the building was intended for personal use, not commercial use.

In its opinion, the trial court stated that "[t]he indicia of bad faith on the part of the landowners exists in the rather equivocal, potentially misleading words which appear on the sketch plan attached to the application for the permit: *See,* Finding of Fact No. 8, supra." Finding of Fact No. 8 reads:

On that sketch plan, Mr. Thornton made and signed the following notation: 'this building is intended for personal use of storage of equipmentt [sic] and not commercial usage.'

Nevertheless, the trial court reasoned, "[h]owever, given Mr. Thornton's uncontradicted testimony that these were not his words but rather those of Mr. Miller, the Chairman of the Zoning Hearing Board, we refuse to impute any bad faith on the part of the landowners."

Notwithstanding Mr. Thornton's uncontradicted testimony that those were not his words but rather those of the chairman of the board, the landowners had an obligation to be truthful regardless of any error of the chairman. The landowners knew that the zoning ordinance prohibited a commercial use of the garage because the zoning officer had informed them of that restriction.

Because the landowners misrepresented to the board their intended use of the garage, we conclude that the trial court erred in finding that the landowners had used good faith throughout the proceedings.

Regarding the third factor, the trial court stated that the landowners' expenditure of $5,000.00 in construction of the garage constituted substantial unrecoverable funds. However, the landowners' garage is a structure useable for a residential garage purpose in conformity

with C-R district requirements. The requested injunction would bar only the commercial use. Therefore, this factor does not support the trial court's conclusion that the landowners acquired a vested right in the permit.

Because the situation here fails to meet three of the five *Petrosky* factors, there is no need to examine those criteria further. The landowners have not established a vested right to persist in any commercial use of their property.

Accordingly, the order of the trial court is reversed.

ORDER

NOW, June 12, 1987, the order of the Court of Common Pleas of Chester County, at No. 84-02228, dated March 10, 1986, is reversed, and this case is remanded for issuance of the injunction requested by the Township.

Jurisdiction relinquished.