534 A.2d 165

Andrew Nowak and Lorraine Nowak, Appellants *v.* The Zoning Board of Bridgeville Borough, Appellee.

Argued May 22, 1987, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Charles E. Boyle, Campbell, Sherrard & Burke, P.C.,* for appellants.

*Robert L. Campbell, Brenlove & Campbell,* for appellee.

*Gilbert S. Merritt, Jr., Merritt and Purcell,* for applicant, Dawson C. Wright, Sr.

OPINION BY JUDGE BARRY, December 4, 1987:

This is an appeal brought by Andrew Nowak and Lorraine Nowak, his wife (Nowaks), from an order of the Court of Common Pleas of Allegheny County[1] affirming the decision of the Zoning Hearing Board of Bridgeville Borough (Board), dated August 21, 1985, which determined that a neighboring landowner (Wright) has acquired a vested right in a building permit issued to him by the Borough's zoning officer. We affirm.

This case has been before this Court on three previous occasions.[2] The facts are essentially as follows.

---

[1] On June 6, 1986, the trial court appointed a referee to review the record of the proceedings before the Zoning Hearing Board in this case. On July 28, 1986, the appointed referee filed his review of the record and recommended disposition which the trial court accepted.

[2] In *Nowak v. Zoning Hearing Board of Bridgeville Borough,* 67 Pa. Commonwealth Ct. 46, 445 A.2d 1350 (1982) we remanded the case following an appeal by the Nowaks from an order of the trial court upholding a grant by the Zoning Hearing Board of a variance to their neighbor, Mr. Wright. We remanded so that the Board could conduct a hearing in the manner provided by the

On July 28, 1980, Mr. Wright filed an application for a building permit with the Borough of Bridgeville setting forth the proposed construction of a garage on his lot contained in an R-2 residential zone. Under the Bridgeville Zoning Ordinance a side yard of eight feet is required.

The side yard of Mr. Wright's property abuts the rear yard of the Nowaks' parcel. The Nowaks' predecessor in title was a grantee to whom Mr. Wright

Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202.

In *Wright v. Zoning Hearing Board of Bridgeville,* 86 Pa. Commonwealth Ct. 528, 485 A.2d 870 (1984), we again remanded the case following an appeal, this time, by Mr. Wright from an order of the trial court upholding a denial by the Zoning Hearing Board of his application for a variance. We found that the Board violated the Open Meeting Law, Act of July 19, 1974, P.L. 486, *as amended,* 65 P.S. §§261-269, inasmuch as it did not take its formal action (vote) at a public meeting. (The Open Meeting Law was repealed in 1986 and replaced by the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. §§271-286.) Further, we once again, did not have in our certified record, the transcript of the evidentiary hearing conducted by the Board on October 20, 1982.

Finally, following the promulgation of our order in *Wright, supra,* the Nowaks applied for clarification and enforcement of our December 28, 1984 order. Accordingly, in an unpublished opinion at *Wright v. Zoning Hearing Board of Bridgeville,* (No. 1694 C.D. 1983, filed May 29, 1985) we set forth the following order:

AND NOW, this 29th day of May 1985, we vacate our order of December 28, 1984 and we vacate the Zoning Hearing Board's invalidly made decision which occasioned this appeal. The Zoning Hearing Board is directed not to conduct proceedings on this matter on May 29, 1985. The Zoning Hearing Board is directed to conduct an evidentiary hearing de novo and to promulgate a new order in this matter, being Dawson C. Wright, Jr.'s application for a variance. Said hearing shall be at a time and place fixed by the Zoning Hearing Board upon notice to the parties and to public as required by law. Jurisdiction is relinquished. /s/Theodore O. Rogers, J.

originally conveyed that parcel with a rear yard seven feet shorter than at present. Some time following the original conveyance of the parcel and prior to the enactment of the Borough's Zoning Ordinance, Mr. Wright conveyed a seven foot strip to the Nowaks' predecessor in title for the purpose of creating a larger rear yard. This conveyance operated to reduce Mr. Wright's side yard between an existing two-story garage and that rear yard to 1.8 feet.

The plot plan submitted by Mr. Wright with his application for the building permit did not reflect the conveyance of the seven foot strip. However, the Borough's zoning officer personally and physically inspected the proposed construction site and was aware that the new garage, to be attached to the existing garage, would be in violation of the zoning ordinance's eight foot side yard requirement. Nevertheless, the permit was issued[3] and Mr. Wright began construction that same day.

On September 2, 1980, the Nowaks appeared at a meeting of the Borough Council to complain about Mr. Wright's construction. The Council then directed the zoning officer to re-evaluate the issuance of the permit which ultimately resulted in the revocation of the permit by letter of September 12, 1980, at which time 90% of the construction had been completed.

Mr. Wright filed a notice of appeal from the revocation of his permit to the Board and further, requested a variance. The Board, on August 21, 1985, determined that Mr. Wright had acquired a vested right in the

---

[3] The zoning officer issued the building permit in knowing violation of the ordinance under the belief and upon the advice of the Borough Solicitor that the new construction was the natural expansion of a non-conforming use, *i.e.*, the existing garage, and therefore, permitted. We will not decide the issue of whether the new construction was in fact an allowable expansion of a non-conforming use, however, since the issue has not been raised.

building permit. The Nowaks appealed to the Court of Common Pleas of Allegheny County which affirmed the Board and dismissed their appeal. Hence, this appeal.

Where, as here, the trial court, in reviewing a zoning appeal has taken no evidence beyond that presented to the zoning hearing board, the Pennsylvania Supreme Court has stated that:

> [T]he scope of our review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law . . . . We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. 53 P.S. §11010 (1972); 2 Pa. C. S. §754(b) . . . . By substantial evidence we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .

*Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 554-55, 462 A.2d 637, 639-40 (1983), (citations omitted).

The Nowaks argue first, that the trial court erred in concluding that Mr. Wright acquired a vested right in the building permit inasmuch as it was issued contrary to the zoning ordinance side yard setback requirements and was therefore void *ab initio.* They rely principally upon *Klavon v. Zoning Hearing Board of Marlborough Township,* 20 Pa. Commonwealth Ct. 22, 340 A.2d 631 (1975) for the proposition that a permit issued illegally or in violation of law, or under a mistake of fact, confers no vested right or privilege upon the person to whom it is issued, even though the person may have made expenditures in reliance on that permit.

We agree with the Nowaks but only to the extent that *Klavon* articulates a general rule of law. Therefore, our examination of the applicable law in this case cannot

end with the application of *Klavon*. We must go further and apply the rules set forth in *Department of Environmental Resources v. Flynn*, 21 Pa. Commonwealth Ct. 264, 344 A.2d 720 (1975) as adopted by our Supreme Court in *Petrosky v. Zoning Hearing Board of the Township of Upper Chichester*, 485 Pa. 501, 402 A.2d 1385 (1979).

*Flynn* instructs us that *Klavon* is the general rule but that the doctrine of vested rights may be applied as an exception to that general rule if the facts of a case so dictate.[4] Accordingly, we will proceed to apply the five *Petrosky* factors to determine whether Mr. Wright has acquired a vested right in the building permit issued to him by the Borough's zoning officer on July 28, 1980.[5]

First, Mr. Wright must have used due diligence in attempting to comply with the law. His due diligence is evidenced by the fact that he properly applied for a building permit as did the landowner in *Petrosky* where due diligence was found. Mr. Wright did not let the permit lapse and immediately commenced his construction, *unlike* the landowner in *Highland Park Community Club of Pittsburgh v. Zoning Board of Adjustment of the City of Pittsburgh*, 509 Pa. 605, 506 A.2d 887 (1986) where due diligence was not found and the Court rejected the landowner's vested rights argument. Further, upon the revocation of his building permit Mr. Wright filed a timely appeal and, at the suggestion of the zoning officer, requested a variance.

----

[4] *See also Karpe v. Borough of Stroudsburg*, 95 Pa. Commonwealth Ct. 146, 149, 504 A.2d 982, 983 (1986) where we stated that, "a landowner may claim a vested right to a permit issued erroneously and in contravention of zoning regulations."

[5] We will, however, address the Nowaks' arguments with respect to the propriety of the issuance of the building permit as appropriate, *infra*.

Second, Mr. Wright must have acted with good faith throughout the proceedings. The Nowaks allege that Mr. Wright submitted an erroneous plot plan with his application for the building permit which failed to show the true distance between the proposed garage and their property.[6] Were this the case, we would agree with the Nowaks. However, the Board and the trial court found that Mr. Wright at no time acted fraudulently or misrepresented any facts concerning the proposed construction. The Nowaks at no point in their brief acknowledge the fact that the Zoning Officer who issued the permit inspected the proposed construction site and testified that Mr. Wright personally demonstrated to him that the true side yard was only 1.8 feet.[7] Accordingly, we find that Mr. Wright acted with good faith throughout the proceedings.

Third, Mr. Wright must demonstrate that he expended substantial unrecoverable funds. The record is clear that at the time the permit was revoked, nearly two months after its issuance, Mr. Wright had completed 90% of the construction which had a total cost of over $6,400.00. We must conclude that to require Mr. Wright to dismantle his garage "would amount to

---

[6] This argument is presented in connection with the Nowaks' contention that the building permit was issued on the basis of misleading information supplied by Mr. Wright thereby rendering the issuance of the permit void *ab initio*. Having disposed of that contention, yet feeling compelled to address the Nowaks' concerns we will treat this argument as being applicable to the *Petrosky* good faith requirement.

[7] The zoning officer testifed on August 21, 1985 as follows:

Q. You knew though that the side yard was not a full eight feet?

A. Oh, yes.

Q. How did you know where the side yard was?

A. Mr. Wright pointed it out to me.

N.T. at 5.

economic waste." *Petrosky,* 485 Pa. at 510, 402 A.2d at 1390.

Fourth, we must consider the fact that no appeal was taken from the issuance of the permit. The Nowaks observed the commencement of construction on the day the permit was issued. Accordingly, they had notice of its issuance. *See Lycoming Burial Vault Co., Inc. v. Zoning Hearing Board of the Borough of Montoursville,* 41 Pa. Commonwealth Ct. 294, 399 A.2d 144 (1979). They did contact the zoning officer and a member of the Borough Council to object to the building of the garage. However, the record is devoid of any evidence that they appealed from the issuance of the building permit in the manner consistent with Section 915 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10915.[8]

Finally, we must consider the sufficiency of the evidence introduced to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit. The Board and the trial court resolved this issue in favor of Mr. Wright. We agree. The Nowaks' only evidence on this issue was their own testimony that the garage obstructs the sun. However, they also testified that prior to the construction of the garage, they had planted a row of bushes along their rear property line which are ten feet tall. Accordingly, we cannot find that it was an error of

---

[8] 53 P.S. §10915 provides in pertinent part:
No person shall be allowed to file any proceeding with the board later than thirty days after any application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given.

law for the Board and the trial court to conclude that the Nowaks' property rights were not adversely affected by Mr. Wright's garage.[9]

Having examined the record and concluding that Mr. Wright has satisfied all of the requirements as set forth in *Petrosky* to establish his acquisition of a vested right in the building permit issued to him July 28, 1980, we affirm the trial court.[10]

---

[9] This case is distinguishable from our recently decided *Township of West Pikeland v. Thornton*, 106 Pa. Commonwealth Ct. 560, 527 A.2d 174 (1987). In that case we found that the landowners had not acquired a vested interest in a building permit to erect a garage for three reasons, none of which are present in the case before us.

First, in *Pikeland*, we found a lack of due diligence on the part of the landowners inasmuch as they relied on the advice of the Chairman of the zoning hearing board acting merely as a ministerial officer, rather than in his adjudicative capacity, in their attempt to comply with the law. Here, Mr. Wright relied upon the issuance of the building permit by the Borough's zoning officer acting in his official capacity.

Second, in *Pikeland*, we found a lack of good faith on the part of the landowners inasmuch as their sketch plan, submitted as part of the permit application, contained misleading language as to the proposed use of the construction. Here, although the plot plan submitted by Mr. Wright did not show the true width of the side yard, he nonetheless physically showed the zoning officer its true width at the time of his inspection. Accordingly, we are able to conclude that the landowner here, acted in good faith.

Finally, in *Pikeland*, we found that the landowners had not expended substantial unrecoverable funds. In that case, the landowners were enjoined from using their garage for commercial purposes. The building could remain standing and was usable for residential purposes. Here, if unsuccessful, Mr. Wright would be required to dismantle the garage with the option of rebuilding it elsewhere on his lot.

[10] Since we have decided that Mr. Wright has acquired a vested right in the building permit issued to him on July 28, 1980, we need not address the question of whether he is entitled to a variance.

ORDER

NOW, December 4, 1987, the Order of the Court of Common Pleas of Allegheny County, entered July 28, 1986, at No. SA 1522 of 1985, is hereby affirmed.