551 A.2d 383

Robert M. Koziel and Sandra M. Koziel, his wife, Appellants *v.* Zoning Hearing Board of The Borough of Waynesboro et al., Appellees.

Argued April 21, 1988, before Judges DOYLE, BARRY and McGINLEY, sitting as a panel of three.

*William S. Dick, Maxwell, Maxwell, Dick & Walsh,* for appellants.

*Stephen E. Patterson, Patterson, Kaminski, Keller and Kiersz,* for appellees.

OPINION BY JUDGE BARRY, December 12, 1988:

Appellants Robert and Sandra Koziel purchased property in the Borough of Waynesboro in 1985. Their purpose in buying the property was to convert an existing house on the property into a two-family dwelling and offer both apartments for rent. Prior to the purchase, appellants had obtained a permit from the borough to make the planned conversion. After purchase, appellants proceeded with the conversion and made expenditures of $2309.00 plus the value of appellants' labor in doing so. A borough inspector visited the premises after the work was completed and expressed his approval of the work. Subsequently, appellants were contacted by a zoning officer and told that their converted property would violate a zoning ordinance concerning minimum lot size per family. Appellants were told that they would have to apply for a variance.

The application for a variance was made and a hearing was held before a zoning hearing board. The board denied the application and appeal was taken to the Court of Common Pleas of the 39th Judicial District, Franklin County Branch. The court took additional evidence, including testimony that appellants' combined income is $47,000.00. The court ultimately affirmed the board and appeal was taken to this court. Several persons residing near the property in question are intervenors in this case and were also represented in the proceedings before the board and the trial court.

Our scope of review in a zoning appeal where additional evidence is taken by the trial court is limited to a determination of whether the trial judge committed an abuse of discretion or made an error of law. *Mont-Bux, Inc. v. Township of Cheltenham*, 36 Pa. Commonwealth Ct. 397, 388 A.2d 1106 (1978).

Appellants' argument throughout the proceedings has been that they have acquired vested rights in the use of the property as modified because of the erroneously issued building permit. This vested rights doctrine is set forth in the controlling case of *Petrosky v. Zoning Hearing Board of Upper Chichester Township*, 485 Pa. 501, 402 A.2d 1385 (1979), in which the Supreme court described the five part test under which a property owner may acquire vested rights because of an improperly issued permit. We will not examine the test as a whole because four of the parts are not at issue. The only issue before us is whether appellants established the expenditure of substantial unrecoverable sums on their part.

The trial court found that $2,000.00 of the funds expended by appellants is unrecoverable. The court acknowledged in its opinion that appellants have suffered harm due to the incompetence of the zoning officers, but decided that the loss suffered did not reach the lev-

el of hardship necessary under the vested rights doctrine. The court based this decision on the situations presented by prior case law. There are no prior cases where a sum as small as $2,000.00 was found to be a substantial unrecoverable sum.

We hold as a matter of law that the facts of this case show the expenditure of substantial unrecoverable sums and we reverse the trial court. While the available case law contains only situations where larger amounts of money were involved, there are no cases which say that the facts of this case show an insufficient level of expenditures. The trial court recognized the lack of a clear standard and stated that it would decide as it did "[u]ntil offered further guidance . . .". Under the language of the standard, the sums need only be "substantial". While the present figure might not be substantial if a large corporation were involved, we hold that for persons in the appellants' situation, $2,000.00 is a substantial sum of money.

For the foregoing reasons, we reverse the order of the trial court which affirmed the denial of a variance by the zoning hearing board.

ORDER

NOW, December 12, 1988, the order of the Court of Common Pleas of the 39th Judicial District, Franklin County Branch, at Misc. Docket Vol. Y, page 552, is reversed.

Judge MACPHAIL did not participate in the decision in this case.

---

DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent and would affirm the order of the trial court.

As found by the Zoning Hearing Board, this appeal involves one-half of a double dwelling (twin) home with

a party wall between, situated at 517 West Main Street in the Borough of Waynesboro. The owners' application for a building permit was to "remodel second apartment." The application described the work as: "install new kitchen on second floor—relocate doors on first floor." In fact, there had never been two apartments in the building, nor had two families ever lived there. It was only after the permit had been issued and the Koziels installed a new kitchen on the second floor that the building contained two dwelling units.

Under the zoning ordinance, such a conversion of the dwelling in this zoning district was permissible provided that a special exception was obtained and the lot area would not be less than 4,500 square feet per family. No special exception was ever sought or obtained, and the lot did not comply with the area requirement. Between the time the building permit was issued and the time the work was completed by the owners, the borough changed zoning officers, and it was the new zoning officer who informed the owners that they were not in compliance with the ordinance and were not entitled to a variance on the basis of a vested right.

The law in Pennsylvania regarding vested rights is fairly clear, and our Supreme Court in *Petrosky v. Zoning Hearing Board of Upper Chichester Township*, 485 Pa. 501, 402 A.2d 1385 (1979), held that a property owner who seeks to acquire a vested right as the result of a permit issued in error must establish five elements: (1) due diligence in attempting to comply with the law, (2) good faith throughout the proceedings, (3) expenditure of substantial unrecoverable funds, (4) expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit, and (5) an insufficiency of evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected.

Although the trial court found that four of the five elements in *Petrosky* were satisfied, a conclusion that I would be willing to accept only *arguendo,* it further held that the owners obtained no vested right because substantial unrecoverable funds had not been expended by the owners. I would agree with that conclusion. The cost involved here, $2,869, consisted of $2,309 in fixtures and $560 in labor and the owners conceded that most, if not all, of the fixtures could be removed and that much of the labor improved the value of the house as a whole.[1] I would conclude, therefore, as the trial court did, that this small sum of money was not so "substantial" that it would entitle the owners to a vested right in a variance.

---

[1] This Court applied parallel reasoning in *Township of West Pikeland v. Thornton,* 106 Pa. Commonwealth Ct. 560, 527 A.2d 174 (1987). Therein, the trial court stated that the landowner's expenditure of $5,000.00 in the construction of a garage intended for commercial use constituted substantial unrecoverable funds. We found, however, that the garage was a structure usable for residential garage purposes in conformity with the zoning requirements for that district, and that the injunction requested by the township would bar only the commercial use. We therefore concluded that the $5,000.00 did not constitute substantial unrecoverable funds. *See also Appeal of Crawford,* 110 Pa. Commonwealth Ct. 51, 531 A.2d 865 (1987) (even though appellants spent substantial funds on improvements, they would suffer no hardship if the variance was denied because the garage and other improvements erected were consistent with permitted residential use). By contrast, in *Three Rivers Youth v. Zoning Board of Adjustment for the City of Pittsburgh,* 63 Pa. Commonwealth Ct. 184, 437 A.2d 1064 (1981), we found that there was a substantial expenditure of unrecoverable funds where Three Rivers spent over $93,500.00 to purchase properties for use as group homes in reliance upon the code enforcement administrator's recommendations and further expended substantial funds in renovating the buildings to meet ordinance requirements.