402 A.2d 1385

**Ronald PETROSKY and Patricia Petrosky, his wife, Appellants,**

v.

**The ZONING HEARING BOARD OF the TOWNSHIP OF UPPER CHICHESTER, DELAWARE COUNTY, Pennsylvania, and Township of Upper Chichester Delaware County, Pennsylvania, Appellees.**

Supreme Court of Pennsylvania.

Argued Nov. 16, 1978.

Decided July 6, 1979.

502

Ronald J. Klimas, Media, for appellants.

John Nails, Chester, for appellee, Zoning Hearing Bd.

Peter Nolan, Chester, for appellee, Upper Chichester Tp.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Appellants, Ronald Petrosky and Patricia Petrosky, husband and wife, obtained an option to purchase a parcel of ground from the husband's father. The parcel under option was part of a larger parcel to which the husband's father held legal title. After obtaining the option to purchase, appellants submitted a request to the Township of Upper Chichester for permission to erect a garage on the premises to be used for the housing of trucks. In requesting permission, appellants advised the Township that they had an option to purchase the premises. Zoning, building, and use permits were issued by the Township. Subsequently, on July 11, 1973, appellants, having exercised their option, the property was conveyed to them. Soon thereafter, appellants began constructing the garage expending more than $15,000. During the construction period the Township building inspector visited the site at least three times. During one of these visits the inspector gave advise concerning the proper location of footings for the building. At no time during the construction of the building were any complaints presented to either appellants or township officials. Appellants began using the garage after its completion. The appellants' property is located in a light industrial zone and the property's use as a garage is a permitted use in that zone. An auto transmission repair garage is located next to the appellants' property.

About seven months after the completion of the garage, the Township determined that the garage, although located and constructed in accordance with the permits that had been issued, was in violation of the setback requirements of the zoning ordinance. Under the appropriate section of that ordinance a fifty foot setback from a street line and a twenty-five foot setback from an adjoining property line was required. Appellants' garage, as constructed, was 7.5 foot from the street line and 11 foot from an adjoining property line. As a result of its determination, the Township notified appellants that it was revoking all of the

permits, upon which appellants had relied in constructing their garage, and ordered appellants to remove the garage or alter it to comply with the setback requirements.

Appellants then commenced an action in the Court of Common Pleas of Delaware County requesting a declaratory judgment of their right to maintain the existing use of their property. By agreement of the parties, the court, while retaining jurisdiction, delayed consideration of the matter in order that the parties might first submit the dispute to the Township's Zoning Hearing Board. After hearing, the Zoning Board denied relief. On appeal, the Court of Common Pleas reversed, concluding that appellants were permitted to continue their use for two reasons. First, because they had acquired a vested right in the permits issued; and, second, because they were entitled to a variance. On appeal to the Commonwealth Court the order of the Court of Common Pleas was reversed and the order of the Zoning Board was reinstated. *Zoning Hearing Board, Township of Upper Chichester v. Petrosky,* 26 Pa.Cmwlth. 614, 365 A.2d 184 (1976). This Court then granted appellants' petition for allowance of appeal.

Because we conclude that appellants have acquired a vested right in the existing use of their property, it is not necessary that we consider the variance issue. In *Commonwealth of Pennsylvania, Department of Environmental Resources v. Flynn,* 21 Pa.Cmwlth. 264, 344 A.2d 720 (1975), the Commonwealth Court applied the doctrine of vested rights observing:

"Ryan, in his scholarly work, discusses the applicability of the vested right doctrine to situations where a municipality has erroneously issued a building permit. His conclusion at Section 8.3.2 seems to be that after the appeal period has expired and the owner has incurred significant non-recoverable costs in reliance on the permit, the owner's good faith reliance on the permit should afford him a vested right to complete the work, albeit the permit was issued in error. Support for such a doctrine is found by him in cases such as *Heidorn Appeal,* 412 Pa. 570, 195 A.2d

349 (1963); *Sheedy v. Zoning Board of Adjustment,* 409 Pa. 655, 187 A.2d 907 (1963); *Moyerman v. Glansberg,* 391 Pa. 387, 138 A.2d 681 (1958), and *Al Monzo Construction Company, Inc. v. Monroeville Borough,* 5 Pa.Cmwlth. 97, 289 A.2d 496 (1972). We support this view." (Footnote omitted.)

*Id.* 21 Pa.Cmwlth. at 271, 272, 344 A.2d at 724–725.

■ The Commonwealth Court in *Flynn, supra,* outlined five factors that must be weighed in determining whether one has acquired vested rights as the result of permits issued by government. These factors are:

1. his due diligence in attempting to comply with the law;

2. his good faith throughout the proceedings;

3. the expenditure of substantial unrecoverable funds;

4. the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit;

5. the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit.

Although we agree with the Commonwealth Court that all of the above factors must be considered, we cannot agree with that court's conclusion that the appellants have not acquired a vested right in the permits issued.

■ First of all, appellants applied as required for the proper permits to be obtained in constructing a garage. After the zoning board issued the permits, appellants exercised their option in reliance on the permits. On at least three different occasions, the township's building inspector visited the site and at no time were appellants informed that any problem existed. Months after construction was completed, the board revoked the permits. Under these circumstances, we find that appellants exercised due diligence in attempting to comply with the law.

Appellee argues that appellants failed to exercise due diligence because they did not research the zoning laws and discover for themselves the setback requirements. We reject the notion that a citizen who does attempt to check the zoning statutes by making inquiry of the proper officials, who certainly should be expected to have knowledge about zoning, has not exercised due diligence.

■ It is also argued that the appellants acquired no rights by the issuance of the permits because the permits were issued on a basis of *permit receiver beware.* This *caveat emptor* reasoning is based on a phrase which appears in the use and zoning permits:

> "The right is reserved to revoke this permit if it appears that the same has been obtained by fraud or misrepresentation, or if the Zoning Ordinance is violated."

We first note that the above language does not appear in the building permit issued. The terms of that permit are absolute and no claim is made that the building actually constructed was not authorized by the building permit. Even, however, had the building permit contained the language that appears in the zoning permit and use permit, the result would be the same in this case for several reasons. First, we do not read the proviso as one warning a citizen that in spite of receiving the permits one acts at one's own peril. The proviso simply warns that revocation is possible if the permit was obtained by fraud or misrepresentation, or if the applicant deviates from that which has been approved by government officials. It would be ludicrous to read the proviso as an escape clause which shields the township from the consequences of issuing permits in violation of its own ordinance. To interpret the proviso otherwise would render the permit process a useless exercise since that process and a citizen's reliance would be devoid of any legal effect. Second, we reject any argument that the concept of *caveat emptor* has any place in the consideration of due diligence. That notion has been rejected in various areas in dealings between private persons. We reject it here also. *Pugh v. Holmes,* —— Pa. ——, 405 A.2d 897 (1979) (*caveat emptor*

abolished as applied to residential leases); *see also Salvador v. Atlantic Steel Boiler Company,* 457 Pa. 24, 319 A.2d 903 (1974) and *Kassab v. Central Soya,* 432 Pa. 217, 246 A.2d 848 (1968) (*caveat emptor* abolished and vertical and horizontal privity no longer required in an action for breach of warranty).

The second factor to be considered is whether the appellants acted in good faith. No one disputed that the appellants were unaware of the setback requirements. Appellee, however, suggests that appellants lacked good faith because (1) they made misrepresentations of facts when applying for the permits, and (2) they lacked good faith in that the problem confronting the appellants was self-imposed.

Although the zoning board concluded that the appellants had misrepresented facts concerning the exact use of the property, that conclusion was rejected by both the trial court and the Commonwealth Court. As those courts have done, we have reviewed the record and it does not support the appellee's contention. Moreover, there is nothing in the record indicating that the use allegedly stated by the appellants was not permitted in a light industrial zone.

We also reject the conclusion that appellants did not act in good faith because the hardship they face if their building must be removed was self-inflicted. The appellants here proceeded with great caution. They first obtained an option to purchase. They then approached township officials explaining their intention to construct a garage if permitted. They submitted a letter and a plot plan showing the size and location of the building on the lot, after which the permits were issued. It is true that appellants' lot, until its sale to appellants, was part of a larger lot, and that the size of the lot was apparently determined by agreement of the buyers and seller. However, it is also a matter of record that appellants originally bought only an option to purchase the lot and did not agree to exercise their option until after the township had issued the requisite permits. Appellants relied on their local government to know about and to enforce local

zoning and building ordinances. Appellants acted in the belief that if they followed exactly their government's instructions, they would be acting lawfully. Under these circumstances, we cannot hold that this reliance on government representations amounts to a self-inflicted hardship. We agree with the trial judge's conclusion on this matter.

Although the Commonwealth Court concluded that the hardship which the appellants face was self-inflicted, its basis for doing so was an erroneous factual conclusion. The Commonwealth Court said that after the larger parcel was subdivided, the appellants purchased *both* parcels. The appellee also presents argument based on this erroneous conclusion. The record does not sustain it. The appellants only purchased one part of the total property, not both. Ownership of the remainder of the property remained in the husband's father, who held legal title acting as the guardian for a relative. The hearing board so concluded and the record supports only that conclusion. Although there was some confusion about what property was being referred to during some of the questioning at the zoning board hearing, a reading of the transcript clearly indicates that the appellants only purchased a portion of the total property.

■ The next consideration is whether the appellants have expended substantial unrecoverable sums. They have expended over $15,000 in reliance on the permits. Because of the size and triangular shape of their property, no building can be constructed on it which conforms to the setback requirements. To order appellants to dismantle the garage after they have made a substantial personal investment would amount to economic waste. In deciding whether a permit holder has a vested right, this is a significant factor.

The next factor to be considered is the fact that no timely appeal was filed from the issuance of the permit by anyone. This factor without doubt is favorable to the appellants.

■ The last consideration is the sufficiency of the evidence to establish that the public health, safety or welfare would be adversely affected by allowing a vested right to

the use of property in violation of the zoning ordinance. The evidence in this case at best establishes only a minimal adverse effect. Most of the evidence having to do with health, safety and welfare concerned matters which were *unrelated* to the setback violation. Objections concerning the use of the property as a garage, the refueling of trucks, noises from the premises, dirty surroundings, and the ingress and egress of trucks from the property concern matters which would exist even if the proper setback requirements had been met. Although with proper setback requirements the effect of some of these matters on nearby residents would not be identical to that which currently exists, the difference is not one of kind but of degree. Sufficient evidence was not introduced to establish any significant adverse effect because of a violation of setback requirements as distinguished from adverse effects, on nearby residents, lawfully created as a result of light industrial zoning.

All of the relevant factors to be considered in determining whether a citizen has acquired a vested right leads us to the conclusion that the facts weigh heavily in favor of the appellants and they are therefore entitled to continue the use of their property, even though the setbacks are less than required by the zoning ordinance.

We also note that the trial court, in order to minimize as much as possible any adverse effect to the health, safety and welfare of nearby residents, ordered the appellants to (1) fence the property involved on all sides, (2) install sidewalks, curbs, and macadam where required, (3) plant shrubbery to screen the premises from public view, and (4) park all vehicles either within the garage structure or behind it out of public view from Bethel Road. The appellants have not challenged these conditions and they therefore remain in effect. Subject to these conditions, we conclude that the appellants have acquired a vested right in the permits issued and may lawfully continue to use their property in accordance with said permits.

The order of the Commonwealth Court is vacated and the order of the Court of Common Pleas vacating the revocation of the appellants' building, use, and zoning permits with conditions is affirmed.

POMEROY, former Justice did not participate in the consideration or decision of this case.

EAGEN, C. J., concurred in the result.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. Since no additional testimony was taken by the lower courts, our scope of review is to determine whether the Board committed a manifest abuse of discretion or an error of law. *Brennan v. Zoning Board of Adjustment,* 409 Pa. 376, 379, 187 A.2d 180, 182 (1963). The hearing held by the Board established that appellants had constructed a 40 feet by 40 feet masonry garage upon a triangular lot in Upper Chichester Township. The garage is situated 7.5 feet from the proposed curb of an adjacent street instead of the required 50 feet, and 11 feet from the adjoining property line of a neighbor instead of the required 25 feet. Although the garage is located in a district zoned for light industrial use and the garage is a permitted use, the Board found that the building had a degrading and depreciable effect on the character of the neighborhood because it is built too close to the residential boundary line and to homes in the residential district. Additionally, the Board found a safety hazard to the residents (especially children) was created by the ingress and egress of the trucks on the premises.

The appellants urge two legal theories in support of their contention that they are entitled to be granted said variance.

First, appellants argue that they acquired a vested right to the building permits even though the permits were issued in violation of the zoning regulations. *Heidorn Appeal,* 412 Pa. 570, 195 A.2d 349 (1963); *Moyerman v. Glanzberg,* 391 Pa. 387, 138 A.2d 681 (1958). I agree with the majority's adoption of the Commonwealth Court's criteria, as set forth

in *Department of Environmental Resources v. Flynn,* 21 Pa.Cmwlth. 264, 344 A.2d 720 (1975), for determining if such a vesting has occurred.

However, I would find appellants' contention without merit since he failed to demonstrate an exercise of due diligence in attempting to comply with the law and, in support thereof, I incorporate by reference the reasoning as set forth in the Commonwealth Court's opinion in this case at 26 Pa.Cmwlth. 614, 615–621, 365 A.2d 184, 185–187 (1976).

Second, appellants argue that there is such a hardship in this case that they are entitled to the variance as a matter of law. See, *Haas v. Zoning Board of Adjustment of Philadelphia,* 403 Pa. 155, 169 A.2d 287 (1961); *Altemose Construction Company v. Zoning Hearing Board,* 3 Pa.Cmwlth. 328, 281 A.2d 781 (1971). Appellants' second contention is without merit. Assuming arguendo that the hardship exists, the law is clear that when one self-inflicts the hardship, no relief will be granted. *Volpe Appeal,* 384 Pa. 374, 121 A.2d 97 (1956). Appellants' hardship was self-inflicted when they created the lot size by agreement, beginning with their negotiations with the seller and culminating in their exercising of the option.

I, therefore, would affirm the Commonwealth Court's order.