Simon Konover and Assoc. c/o Lawrence Krain *v.* Zoning Board of Adjustment City of Philadelphia. City of Philadelphia, Appellant.

Argued April 9, 1985, before Judges CRAIG and COLINS and Senior Judge KALISH, sitting as a panel of three.

*Marjorie Stern Jacobs,* with her, *Barbara Mather,* City Solicitor, and *Mary Rose Cunningham,* Chief Assistant City Solicitor, for appellant.

*Henry I. Jacobson,* for appellee.

OPINION BY JUDGE CRAIG, May 22, 1985:

Where a zoning appeal has proceeded before the administrative board solely upon issues of compliance in relation to a permit revocation, may the trial court, without taking any additional evidence, reverse the board on a vested rights basis?

In this zoning case, Simon Konover & Associates (Konover), the applicant, appealed to the Zoning Board of Adjustment of the City of Philadelphia from the city's revocation of a permit which it had issued

to Konover for the erection of a replacement advertising sign. From the board's denial of the appeal, the applicant appealed to the Court of Common Pleas of Philadelphia County, which reversed the board, thus reinstating the permit. The city has appealed to this court.

According to the exhibits and undisputed testimony, Konover, as lessee of property at 2601 South Front Street in Philadelphia's G-2 Industrial District, filed, on March 18, 1981, an application for the erection of a new 62-foot high advertising sign, to replace a sign then existing at that location. With the application, Konover submitted a plot plan (Exhibit D) showing that the sign would be located thirty feet from the right-of-way line of Interstate 95, an expressway; the plan also declared that the sign "WILL SHOW TO I-95," that no other signs were within 500 feet of the proposed location, and that there was no residence within 100 feet of the proposed sign. The city issued a building permit and a zoning permit for the requested development on March 31, 1981. Konover proceeded to remove the existing sign and replace it with a new one, at an approximate cost of $35,000. About 45 days later, on May 15, 1981, the city issued a letter revoking the permit because of noncompliance with Philadelphia Zoning Code §14-1604(2)(a), prohibiting advertising signs within 660 feet of the outward edge of the right-of-way lines of expressways and §14-104 (6), (7), (8) which prohibits replacement of nonconforming structures intentionally demolished.

In the appeal hearing before the board, a Konover representative, the sole witness who testified, presented all of the evidence summarized above. Although the board's Finding No. 8 states that the "applicant admitted that he removed an existing nonconforming free standing sign," the record contains

no such express admission; of course, the nonconforming status of the previous sign, in the same location, can be deduced from the plot plan information locating the spot just 30 feet from the expressway.

The board also stated, in Finding No. 13, that the record "further revealed" that "a subsequent site inspection disclosed that the proposed sign was in fact within 500 feet of another sign"—allegedly an additional violation. However, there is no record support for such a "subsequent site inspection" or what it disclosed.

On appeal from the board's decision, the court, not receiving any additional evidence, therefore correctly rejected the board's Conclusion of Law No. 5—which was dependent upon Finding No. 13—that the new sign is within 500 feet of another sign contrary to the Philadelphia Zoning Code.

The trial court also rejected the board's Conclusion of Law No. 4, which held the sign to be a violation because it is within 660 feet of the expressway, contrary to §14-1604. However, we must recognize, as the trial court did, that, where the common pleas court takes no additional testimony in a zoning case, its scope of review is limited to considering whether the board abused its discretion or committed an error of law. Accordingly, the board's conclusion as to the expressway proximity violation was not an abuse of discretion because it was substantially supported by the plot plan which Konover submitted into evidence. By the same token, the previously existing sign, in the same location, necessarily was nonconforming, and replacing it constituted a violation of the cited ordinance provision against replacement of a nonconforming structure.

Therefore, the trial court erred in concluding that the board had abused its discretion or committed an

error of law in finding that the sign was not in compliance.

Additionally, however, the trial court found that the applicant had acquired a vested right in the permit, in accordance with *Petrosky v. Zoning Hearing Board of Upper Chichester Township,* 485 Pa. 501, 402 A.2d 1385 (1979). The trial court concluded that Konover's situation met the five requirements listed in that decision, including (1) due diligence in attempting to comply with the law, (2) actions in good faith, (3) the expenditure of substantial unrecoverable funds, (4) the expiration of the applicable appeal period and (5) the absence of evidence indicating that the development would adversely affect the public interest.

The difficulty is that the zoning board hearing had proceeded solely upon the compliance questions related to the permit revocation.

The narrow scope of the proceedings before the board was plainly recorded in a colloquy between the board's chairman and Konover's attorney, in which the chairman described the proceeding as being confined to the matter of the department's error in revoking the permit, without considering other claims, such as a variance. The chairman stated:

> We are only going to let you prove that there was an error, you see, that is what you must prove that the Department erred and we are not going to stray outside of that. Now, if you have another action to bring, then, you have to bring that action and then, you are permitted to stray outside of that narrow legal part, that we cannot hear a variance case when we hear an appeal, because it is two different matters, legal matters.

The attorney replied that he understood the limitation and added, "If that is necessary, we will come back again."

Although the *Petrosky* opinion of the Supreme Court apparently classifies "vested right" as a matter distinct from a "variance issue," 485 Pa. at 506, 402 A.2d at 1388, the narrow scope of the board proceedings in this case did not extend to either of those special claims. The applicant raised no new theory in the notice of appeal to the court. Although Konover, in a separate court petition seeking a stay of proceedings, averred some of the facts pertinent to the vested right claim, that pleading was confined only to supersedeas relief, and the applicant followed it up with no additional evidence.

Hence, the groundwork for consideration of a vested right was at best unclear. Although the record appears to support the two quantified elements of the *Petrosky* requirements—namely the expenditure of substantial sums, and the expiration of the appeal period—the record is insufficient at least as to the other three elements: the applicant's diligence as to compliance with the law, the applicant's good faith and the impact of the new sign upon the public interest.

This court must vacate the trial court's decision and remand the case to the trial court, so that the trial court may receive evidence on those three elements for the purpose of making a reconsidered decision. The court, in its discretion, may remand the case to the board to receive such evidence.

ORDER

Now, May 22, 1985, the order of the Court of Common Pleas of Philadelphia County, dated February 22, 1983, is vacated, and this case is remanded to the Court

of Common Pleas of Philadelphia County to receive evidence pertaining to the required elements for vested rights in a permit, in order to make a reconsidered decision; the court has discretion to remand the case to the Philadelphia Zoning Board of Adjustment to receive such evidence.

Jurisdiction relinquished.