NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  18a0616n.06

Case Nos. 18-5006/5044

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Dec 12, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WILLIAM THOMAS, JR., | ) | |
| | ) | |
| Plaintiff-Appellant/Cross-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| RICHARD COPELAND, et al., | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |
| CITY OF MEMPHIS, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellee/Cross-Appellant. | ) | |

BEFORE:  CLAY, McKEAGUE, and BUSH, Circuit Judges.

**McKeague, Circuit Judge.**  Enter the latest battle in William Thomas Jr.'s war to maintain certain billboards without requisite permits.  In this case, Thomas wanted to build a billboard along a Memphis highway, so he applied for a state advertising permit and a local building permit.  The state permit was never granted.  The local permit was initially granted, but local authorities soon determined that the zoning of Thomas's site precluded construction.  Thomas built the billboard anyway.  After protracted litigation, the state tore it down.  Local officials then refused permission to rebuild, and Thomas sued under 42 U.S.C. § 1983 for alleged violations of his constitutional rights to due process and equal protection.  The district court found that Thomas's claims were

time-barred, so it granted Defendants' motion for summary judgment and denied Thomas's motion

for summary judgment. The district court also granted attorney's fees to Defendants for fees

incurred in responding to Thomas's Rule 59(e) motion to alter or amend the judgment. Thomas

appealed, and we AFFIRM.

**I**

In order to build his billboard, Thomas needed a building permit from the Division of

Planning and Development, a local government agency jointly sponsored by the City of Memphis

and surrounding Shelby County. This division contains the Office of Construction Code

Enforcement (OCCE), which issues building permits, as well as the Office of Planning and

Development (OPD), which administers the local zoning ordinance.

On June 28, 2006, Thomas submitted an application for a building permit to OCCE.

Thomas listed the zoning of the proposed site as "highway commercial district." OCCE employee

Ted Illsley approved Thomas's permit. The text of the permit contained several qualifications,

including that "[i]ssuance of the permit shall not be held to permit or to be an approval of the

violation of any provisions of any county ordinance/resolution, or state laws."

Thomas also needed an outdoor advertising permit from the Tennessee Department of

Transportation (TDOT), because his site was next to a highway. TDOT contacted local officials

at OPD to determine whether the local zoning code designated the site as industrial or commercial,

zones in which construction is allowed under Tenn. Code Ann. § 54-21-103(4). OPD employee

Norman Saliba determined that the site was actually zoned as "floodway," and TDOT denied

Thomas's application based on this determination.

On October 25, 2006, Thomas met with Saliba to dispute the zoning determination. *Id.*

On October 30, Saliba sent a follow-up letter from OPD informing Thomas that the entire site was

zoned as floodway and inviting him to apply for rezoning. Around December 1, despite the lack of a state permit and the issue with his local permit, Thomas constructed the billboard—one of at least four billboards he built without first securing a necessary permit. *See State ex rel. Comm'r of Dept. of Transp. v. Thomas*, 336 S.W.3d 588, 592 (Tenn. Ct. App. 2010). Rather curiously, on March 14, 2007, OCCE employee Illsley sent another letter to Thomas stating that the billboard *was* allowed because the site was zoned as "flood plain" rather than "floodway," despite the determination made by fellow local government employees at OPD. Thomas continued to dispute the zoning with OPD officials over the following months.

In the meantime, Thomas challenged TDOT's decision to deny his application for a state advertising permit in an administrative hearing and then in Tennessee state courts. *See Thomas v. Tenn. Dept. of Transp.*, 2014 WL 2971027, *1 (Tenn. Ct. App. June 27, 2014). In 2014, when Thomas lost his case before the Court of Appeals of Tennessee, the court ordered the state to remove the billboard at Thomas's expense. *Id.* at *6.

On August 28, 2015, Thomas emailed OPD about rebuilding the billboard the state had removed. OCCE employee Allen Medlock replied that OPD had already sent three letters notifying Thomas of the zoning determination that prohibited construction. On August 12, 2016, Thomas sued OPD, OCCE, the City of Memphis, Shelby County, Allen Medlock, and Richard Copeland (then director of the Division of Planning and Development) for violations of his Fourteenth Amendment rights to equal protection and due process and for depriving him of his vested property right in the building permit.[1]

---

[1] As is noted below, it is unclear whether Thomas's vested-rights argument arises under the Fourteenth Amendment or Tennessee state law.

The district court granted summary judgment for Defendants, finding that Thomas's claims were time-barred. Noting that the statute of limitations for § 1983 actions in Tennessee is one year, the court found that Thomas's cause of action accrued when he received notice from OPD on October 30, 2006, that his permit was invalid. The court also found that, because of Thomas' prior litigation against TDOT, he was collaterally estopped from arguing that any agency other than OPD (such as OCCE) had authority to make the zoning determination governing his site. Thomas appeals, arguing that his claim did not accrue until August 28, 2015, when Medlock denied him permission to rebuild the billboard, and also arguing that he was illegally deprived of a vested property right in the permit issued by OCCE, which he allegedly acquired when he relied on the permit in good faith and at great expense. Thomas does not challenge the district court's collateral estoppel determination, but he claims that it is irrelevant because he believes OCCE has independent authority to make zoning determinations.

Attorney's fees are also at issue. The district court rejected Defendants' request for fees in its summary judgment order, finding that Thomas's arguments regarding the date of accrual of his claim were not so "frivolous or meritless such that attorney's fees are appropriate." Thomas, however, pushed his luck by filing a motion to alter or amend the summary judgment order. The district court denied that motion and granted Defendants' request for attorney's fees incurred in responding to it. Thomas appeals that grant of fees, and the City of Memphis cross-appeals, asking for the fees denied in the summary judgment order.

**II**

Summary judgment is appropriate when there is no "genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This court reviews a grant of summary judgment *de novo*. *Laster v. City of Kalamazoo*, 746 F.3d 714, 726

(6th Cir. 2014). In so doing, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A. Thomas's § 1983 Claim**

Tennessee's one-year statute of limitations for civil rights claims governs Thomas's § 1983 claim. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985); *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015); Tenn. Code Ann. § 28-3-104(a)(1)(B). The date of accrual, however, is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Johnson*, 777 F.3d at 843. The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). To identify that moment, we may "look[] to what event should have alerted the typical lay person to protect his or her rights." *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000) (quoting *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)).

Because Thomas could not have a valid permit if his site was unbuildable under local zoning laws, determining the date of accrual of Thomas's claim turns on which agency had the authority to determine the zoning of his site. If OPD had that authority, any alleged violation of Thomas's constitutional rights must have arisen from OPD's 2006 determination that Thomas's billboard site was zoned as floodway and thus was unbuildable. Thomas instead argues that OPD and OCCE each make zoning determinations governing their own respective functions, so the OPD determination was irrelevant and no injury occurred until Medlock, an OCCE employee, denied permission to rebuild in 2015.

That argument fails because, as the district court carefully explained, Thomas is collaterally estopped from arguing that any agency other than OPD had authority to determine the zoning of

his site.  Thomas has already lost a lawsuit against TDOT regarding this billboard.  In that case, Thomas challenged TDOT's denial of his application for a state advertising permit in an administrative proceeding, the results of which he appealed in Tennessee Chancery Court, then in the Court of Appeals of Tennessee.  *See Thomas*, 2014 WL 2971027 at *2–4.  All three judicial bodies found that OPD alone had authority to determine the zoning of Thomas's site.  The administrative law judge found that "*only* [the OPD] can 'under authority of law' determine how property in Memphis and Shelby County is zoned."  *Id.* at *3 (emphasis added) (alteration in original).  The Tennessee Chancery Court also concluded that "[t]he *only* agency with legal authority to make a zoning determination in this instance is the OPD."  *Id.* at *4 (emphasis added).  The Tennessee Court of Appeals likewise "agree[d] with the trial court that the lawful authority to determine the zoning of Mr. Thomas's billboard site rests with the OPD."  *Id.* at *5.

Thomas concedes on appeal that the district court's collateral estoppel analysis was correct.  But Thomas believes that, because he does not dispute OPD's zoning authority, his argument that OCCE *also* has zoning authority is not collaterally estopped.  Thomas is wrong.  This argument asserts precisely what Thomas is estopped from asserting—that any agency *other than OPD* had legal authority to determine the zoning.  The Tennessee courts found that OPD is the "only" agency with the requisite authority.  *Id.* at *3, 4.  Thomas does not challenge the collateral estoppel analysis, so he remains bound by that conclusion.

Given OPD's exclusive authority, the statute of limitations began to run when Thomas discovered OPD's determination. The district court correctly held that it began on October 30, 2006, when Thomas received his first letter from OPD stating that his entire parcel was zoned as floodway and inviting him to apply for rezoning.  That letter should have "alerted" Thomas to protect his rights. *Hughes*, 215 F.3d at 548.  Thomas did not file his complaint until August 12,

2016—nearly ten years after receiving the letter and well beyond the one-year statute of limitations. Thus, Thomas's § 1983 claim is time-barred.

In the alternative, Thomas argues that even if OPD had authority to determine the zoning of his site, any injury stemming from OPD's determination was merely "speculative," per *Whitmore v. Arkansas*, 495 U.S. 149, 157–58 (1990). In support, Thomas notes that he constructed and operated his billboard for nearly a decade without experiencing any OPD interference. But Thomas's attempt to shift the focus from OPD's decision to OPD's enforcement is unavailing. First, *Whitmore* and related cases cited by Thomas concern not statutes of limitations but Article III standing to bring suit. *See Whitmore*, 495 U.S. at 154. Second, even if Thomas's turn to the language of such precedent is appropriate, it does not help his case. "The basic inquiry [of Article III standing] is whether the conflicting contentions of the parties present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (quoting *Ry. Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)) (internal quotation marks omitted). OPD's zoning determination established that Thomas's permit was invalid. Thomas maintains his permit is valid. Thus, the determination itself created a "definite and concrete" dispute over the legal status of the permit and consequent construction. *Id.* Therefore, Thomas was actually injured, and because he had "reason to know of the injury," *Sevier*, 742 F.2d at 273, the one-year statute of limitations began to run against him in 2006. Thomas waited until 2016 to pursue his claim under § 1983, so it is time-barred.

### B. Thomas's Vested Property Rights Claim

Thomas also argues that he was illegally deprived of a vested property right, because he spent a substantial amount of money constructing the billboard in good faith reliance on the permit

issued by OCCE.[2] Thomas claims his permit was valid until Defendants refused him permission to rebuild in 2015, such that he could rely on it in good faith until then.

Thomas's claim fails for three reasons. First, as established above, OPD's 2006 zoning determination nullified Thomas's permit. The Tennessee statute of limitations for challenging OPD's determination ran after sixty days. *See* Tenn. Code Ann. §§ 27-8-101, 27-9-102; *Olivier v. City of Clarksville*, 2017 WL 3105617, *5 (Tenn. Ct. App. July 21, 2017). Therefore, Thomas's current challenge is time-barred. Second, it is undisputed that Thomas began construction a month after he received the first letter from OPD notifying him that his billboard site was zoned as floodway. Therefore, Thomas was not acting in good faith when he began construction on the billboard. Third, Tennessee law entirely precludes the vested-rights argument in this case. In *Moore v. Memphis Stone & Gravel Co.*, the Tennessee Court of Appeals held that a property owner cannot acquire a vested interest in a permit issued in violation of the local zoning ordinance. 339 S.W.2d 29, 35 (Tenn. Ct. App. 1959). That decision was explicitly reaffirmed in *Far Tower Sites, LLC v. Knox Cty.*, 126 S.W.3d 52, 63–66 (Tenn. Ct. App. 2003) (declining to adopt the more lenient approach taken by the Pennsylvania Supreme Court in *Petrosky v. Zoning Hearing Bd. of Twp. of Upper Chichester*, 402 A.2d 1385 (1978)). Because the permit in this case was issued in violation of the local zoning ordinance, reliance on the permit would not create a vested interest under Tennessee law.

---

[2] Thomas is not clear as to whether he pursues this claim under the U.S. Constitution or Tennessee law. *See Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031 (6th Cir. 1992) (vested rights protected by Fifth and Fourteenth Amendments); *Harding Acad. v. Metro. Gov't of Nashville and Davidson Cty.*, 222 S.W.3d 359 (Tenn. 2007) (vested rights protected under Tennessee law). To the extent the claim concerns a violation of Thomas's constitutional rights under § 1983, it is time-barred for reasons discussed in the previous section. To the extent the claim arises under state law, it fails for the reasons discussed in this section.

**C. Attorney's Fees**

For any § 1983 action, 42 U.S.C. § 1988 provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Defendants asked for attorney's fees in their motion for summary judgment, but the district court denied their request. Thomas then filed a motion to alter or amend the judgment under Rule 59(e). When Defendants requested fees incurred in responding to that motion, the district court granted their request. Thomas appeals the grant of fees with respect to the Rule 59(e) motion, and the City of Memphis cross-appeals the denial of fees with respect to the rest of the case.

We review a district court's award of attorney's fees under 42 U.S.C. § 1988 for abuse of discretion. *Wolfe v. Perry*, 412 F.3d 707, 719 (6th Cir. 2005). "In light of a district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters, an award of attorney's fees under § 1988 is entitled to substantial deference." *Id.* (internal quotation marks omitted). While prevailing plaintiffs typically recover under the statute, "[a] prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 720. In other words, "a plaintiff should not be assessed his opponent's attorney's fees unless the court finds the claim was groundless at the outset or 'that the plaintiff continued to litigate after it clearly became so.'" *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

The first issue is the district court's denial of Defendants' request for fees in its opinion granting summary judgment. The court found that Thomas had at least offered cognizable arguments and evidence to support his assertion that he had not been injured until 2015, when

Defendants refused to allow him to rebuild. For example, Thomas received conflicting information from local officials about the validity of the permit, and it was the state, not the local government, that demolished his billboard in 2014.[3] Although these arguments did not ultimately prevail, they did prevent Defendants from clearing the high bar set to recover fees under § 1988. We affirm the denial of the award, given the colorable arguments identified by the district court and the "substantial deference" due its decision. *Wolfe*, 412 F.3d at 719.

The second issue is the district court's award of fees incurred by Defendants in responding to Thomas's Rule 59(e) motion to alter or amend the summary judgment order. "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks omitted). The district court found that Thomas did exactly that. A comparison of Thomas's motion for summary judgment with his motion to alter or amend shows that the district court is correct. Under § 1988, a plaintiff may be assessed fees if he "continued to litigate after [his claim] clearly became [groundless]." *Smith*, 754 F.2d at 183. This characterization fits Thomas's Rule 59(e) motion, and we affirm the award.

### III

Also pending before this court is a motion to strike filed by the City of Memphis. The motion targets a "notification" filed by Thomas informing this court that the City of Memphis and Shelby County have amended § 9.20 of their Unified Development Code. The amendment transfers authority to interpret ambiguities in the development code from "the Building Official"

---

[3] Thomas also brought a successful First Amendment challenge against the Tennessee Billboard Act in unrelated litigation, which might arguably obviate his need for a state permit. *See Thomas v. Schroer*, 248 F. Supp. 3d 868 (W.D. Tenn. 2017). That case is on appeal before the Sixth Circuit.

to "the Planning Director." According to Thomas's filing, this amendment demonstrates that OCCE employee Illsley used to have authority over the zoning of Thomas's site. But this section of the code is entirely irrelevant because Thomas fails to offer any evidence that Illsley was "the Building Official" or that determining the zoning of his site was equivalent to interpreting the development code. Thomas's filing has no bearing our decision, and Memphis's motion is DENIED as moot.

## IV

The district court's grant of summary judgment, its denial of fees in its summary judgment order, and its grant of fees in its Rule 59(e) order are all AFFIRMED.